37 C.C.P.A.(Patents)
### Application of PIKE et al.

Patent Appeal No. 5635.

United States Court of Customs and Patent Appeals.
Dec. 12, 1949.

Arnold S. Worfolk, New York City (Edmund H. Parry, Jr., Washington, D. C., of counsel), for appellants.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all of the claims, Nos. 13–15, 17–20, and 22–24, in appellants' application for a patent for an alleged invention relating to adhesive compositions containing butadiene copolymers.

Claims 14, 15, and 18 were rejected as being drawn to nonelected species and, therefore, need not be considered here on their merits.

The references are:

| | | |
|---|---|---|
| Abrams et al. | 2,142,039 | Dec. 27, 1938 |
| Bachle (German) | 705,104 | Apr. 17, 1941 |
| Tierney | 2,319,959 | May 25, 1943 |
| Soday | 2,366,219 | Jan. 2, 1945 |
| Juve, India Rubber World, Vol. 110, No. 1, April 1944, pp. 51–53. | | |

Claim 22 is illustrative of the appealed claims. It reads:

"22. A pressure-sensitive adhesive composition including a cohesive elastomer comprising a copolymer of butadiene and styrene and which has an initial shearing viscosity within the range 65 to 140, as measured on a Mooney plastometer at 100°C, and including by weight substantially one part of a compatible tackifying resin for each one to four parts of said cohesive elastomer."

The involved subject matter was succinctly described by the examiner to the following effect:

"The alleged invention relates to a pressure sensitive adhesive composition made with GR–S [Government Rubber Type S] butadiene-styrene copolymer of Mooney viscosity 65 to 140 at 100°C as the cohesive rubbery component and in addition the conventional plasticizing and resinous tackifying agents.

"Appellants assert that Standard GR–S, a butadiene-styrene copolymer having a Mooney shearing viscosity of 45 to 60, is unsatisfactory as an adhesive if the compounding processes used with natural rubber are followed. The resulting adhesives are asserted to be too soft, and are subject to cold flow and splitting [due to lack of cohesive strength]. By utilizing the higher viscosity adhesive defects are asserted to be avoided."

The patent to Soday, the principal reference, discloses an adhesive composition adapted to form pressure-sensitive adhesive coatings comprising a mixture of isoprene resin and rubber dissolved in a suitable liquid vehicle. An object of Soday's invention is the provision of an adhesive tape comprising a suitable backing, such as a strip of fabric or regenerated cellulose, having an adhesive dispersed thereon. The patentee may use as the cohesive elastomer the rubber-like polymers of butadiene with styrene; and as the tackifying resin, he may preferably use isoprene resin as the only resinous ingredient in the preparation of the adhesives, although he may also use resin in conjunction with isoprene resin.

The specific examples given by Soday as illustrative of his composition discloses the use of rubber as the cohesive agent, but, in a general disclosure, a number of rubber substitutes are also described, among which is the butadiene-styrene copolymer. "Rubber, in general," Soday states, "imparts cohesiveness (firmness) to the adhesive, while the isoprene resin imparts tack to the adhesive mixture." The patentee further stated that milling rubber increases its adhesiveness and decreases its cohesiveness, or body; and that particularly desirable results may be obtained in producing the adhesives "when the proportion of isoprene resin employed amounts to 20% to 80% by weight of the rubber present."

Soday states also that the incorporation of certain antioxidants or stabilizing agents in the composition is desirable, such as, for example, phenyl beta naphthylamine. That antioxidant, as well as the resin hereinbefore mentioned, are items which appellants employ in their claimed composition to accomplish the same purpose that Soday had in mind.

The patent to Abrams et al. and the patent to Tierney, auxiliary references, relate to pressure-sensitive adhesive coatings suitable for application to a variety of surfaces or base materials, such as tapes, and other similar articles. Abrams et al. disclose "that legginess is avoided by increased cohesiveness." Both patents show a conventional requirement in pressure-sensitive adhesives is the utilization of a cohesive elastomer and a tackifying resin, and may include a plasticizer to control tack or adhesion.

The German patent to Bachle discloses an adhesive with a butadiene-styrene copolymer and a tackifying resin or agent. The proportions by weight of the tackifying resin to the cohesive elastomer disclosed in the patent is within the range of proportions defined by the limitation of claim 22.

The article by Juve published in the India Rubber World subsequent to appellants' filing date was cited by the examiner not as an anticipatory reference but merely as an explanatory discussion of the Mooney viscosity test and Mooney viscosities with respect to the characteristic properties of natural rubber and various synthetic or artificial rubbers. Appellants directed the attention of the Board of Appeals to the fact that Juve demonstrated that many of the properties of rubber are inherently different from the properties of synthetic rubbers. The board, in turn, directed attention to the fact that Juve also disclosed the range of the Mooney viscosity of the smoked sheet rubber disclosed by Soday was between 65 and 140.

The issue here involved is described in the following language quoted from the brief for appellants:

"The main question for decision is whether it was invention to formulate a

pressure-sensitive adhesive with a *"high"* Mooney viscosity butadiene-styrene copolymer within the critical range 65 to 140 as its cohesive elastomer, when its apparent lack of utility was indicated by the industry's entirely unsatisfactory experiences with the standard *"low"* Mooney viscosity butadiene-styrene copolymer – the type normally used as a rubber substitute. (Italics quoted)."

Appellants assert that for years rubber was the cohesive elastomer used in the production of pressure-sensitive adhesives; that when the industry was deprived of rubber during the war and a substitute therefor had to be found, they experimented with the GR–S butadiene-styrene copolymer of the higher Mooney viscosity hereinbefore described and, to their surprise, and contrary to normal expectations, discovered that it produced adhesives capable of passing the Government's specification of 500 seconds for firmness, whereas Standard GR–S produced poor adhesives having a range of 5 to 30 seconds for firmness; and that the higher Mooney viscosity produced adhesives which not only gave much less trouble from "stringiness" or "legginess" due to a deficiency in cohesiveness but also possessed ageing qualities much better than those of the adhesives made from the rubber which had been used by the industry for many years.

The patent to Soday, like each of the other cited patents, makes no reference to Mooney viscosities and no viscosity ranges are therein given. Nevertheless, the contested claims were rejected as unpatentable over the prior art of record.

Claim 22, which the examiner considered as illustrative or exemplary of the contested claims, was rejected by him as unpatentable over the disclosure of Soday or Bachle on the stated ground that each of them discloses a rubbery polymer, which may be a butadiene-styrene copolymer, in combination with a tackifying resin, having proportions in the range defined by claim 22. The fact that the two references do not disclose butadiene-styrene of high Mooney viscosity was held to constitute no patentable distinction between the composition defined by the claims on appeal and the composition defined by such references, inasmuch as the language of those references disclosed that the involved art was aware of the function of the rubbery component to such an extent that the specification of any particular viscosity was not inventive.

The Board of Appeals pointed out in its decision that the only real contention urged by appellants for the patentability of the contested claims lies in the selection by appellants of a high viscosity polymer for the purpose of substituting for rubber a rubber substitute of the same viscosity as rubber. Summarizing its position, the board made the following explanatory remarks:

"* * * That is to say, appellants and others found the low viscosity polymer unsatisfactory and there was nothing left to try except the high viscosity polymer, which polymer has the viscosity characteristic of natural rubber.

"We think that the use of the high viscosity polymer is only a matter of choice and that the good results obtained by its use are not conclusive as to inventiveness in its selection for use in the Soday invention where polymers of this general type are suggested for use as rubber substitutes.

"While appellants have, according to Engel, built up a valuable industry, this is not conclusive as to the evidence of inventive ingenuity on the part of appellants."

Standard GR–S is not new and appellants do not assert that they were the first to make a high Mooney viscosity copolymer. On the contrary, during the prosecution of their application they pointed out that the specific material was well known in the art. Accordingly, the examiner held that claim 22 failed to refine such an advance over the prior art as to rise to the dignity of invention. Furthermore, the examiner held that since the Mooney viscosity of a substance is one obvious measure of its cohesiveness, the routine experimenter would select a higher viscosity copolymer to remedy a deficiency in cohesiveness. The board did not expressly overrule the conclusions of the examiner hereinbefore set forth and thus they stand affirmed.

Appellants contend that the error of the tribunals of the Patent Office in failing to

find that the appealed claims define invention over the cited prior art was due to the fact that neither the Primary Examiner nor the Board of Appeals gave proper weight to the two affidavits submitted in the case on behalf of appellants.

Those affidavits were made by experts in the science of chemistry and filed January 17, 1947. One affidavit was made by Dr. Engel who therein addressed himself not only to the inapplicability of the cited references but also to the superiority of, and the extensive commercial success achieved by, appellants' product. The other was made by Dr. Morris, one of the appellants here, who referred to a meeting of the War Production Board, including Dr. Morris. There the inadequacy of the normal butadiene polymers used in pressure-sensitive tape was discussed and Dr. Morris displayed samples of tape made with high viscosity polymer. According to Dr. Morris, the entire assembly was "apparently surprised" by the advantageous properties of appellants' adhesives and those present "appeared well-satisfied with our samples."

The critical deficiencies of Dr. Engel's affidavit was pointed out by the Primary Examiner who, among other things, observed that no comparative data was submitted in the affidavit with respect to the actual adhesiveness of specific compositions, including the samples submitted, and that appellants in their own specification had specifically indicated that the use of a copolymer of greater firmness demanded an increase in the amount of tackifying resin. The examiner concluded that the statements in both affidavits were merely statements of opinion unsupported by factual evidence. The board also indicated the inadequacy of the respective affidavits as a controlling factor in the determination of the question here in issue.

Appellants in our opinion have failed to adequately establish the industry's alleged "entirely unsatisfactory experiences" in the making of pressure-sensitive adhesives from butadiene-copolymers. In fact, appellants stated in their specification that "Standard GR–S is unsatisfactory as an adhesive if the compounding processes used with rubber are followed." What compounding processes were used by appellants do not appear, but it is clear that their contentions here have failed to effectively challenge the concurring decisions of the tribunals of the Patent Office.

In view of the conclusion hereinbefore expressed, it is deemed unnecessary to discuss other points raised by counsel.

The decision of the Board of Appeals, for the reasons stated, is affirmed.

Affirmed.

By reason of illness, HATFIELD, J., was not present at the argument of this case and did not participate in its decision.